

U.S. Department of Justice

United States Attorney

**FILED**

**JAN 1 1 2006**

District of Columbia   NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

January 10, 2005
Amended

David Bos, Esquire
Federal Public Defender Service          Plea Letter
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004

      Re:    United States v. Gustavo Plata-Retamozo,
                Criminal Case No. 05-393 (EGS)

Dear Mr Bos:

      This letter sets forth the plea agreement this Office is willing to enter into with your client, Gustavo Plata-Retamozo. The offer expires on **January 10, 2006**. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me by facsimile. Upon our receipt of the executed document this letter, **incorporating the factual proffer**, will become the plea agreement. The terms of the agreement are as follows:

      1. **Charges**. Your client agrees to admit guilt and enter a plea of guilty to a two count Superceding Information filed in the above-referenced case, Unlawful Reentry of a Removed Alien in violation of 8 U.S.C.§1326(a), and one count of Attempted Second Degree Burglary in violation of 22 D.C. Code § 22-801(b) in D.C. Superior Court case number M10956-05.

      2. **Potential penalties, assessments, and restitution.** Your client understands the charge of Unlawful Reentry carries a maximum penalty of two years imprisonment pursuant to 8 U.S.C. § 1326(a), a maximum fine of $ 250,000 under 18 U.S.C. § 3571(3), and a maximum period of supervised release of not more than three years under 18 U.S.C. § 3583(b)(1). In addition, your client agrees to pay a special assessment of $100, under Section 5E1.3(2)(A) of the United States Sentencing Guidelines, to the Clerk of the United States District Court prior to the date of sentencing. See also 18 U.S.C. § 3013. Your client further understands that, pursuant to Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine sufficient to pay the federal government the costs of any imprisonment. Your client understands that the sentence in this count will be determined by the Court pursuant to the Sentencing Reform Act of 1984, 18

-2-

U.S.C. §§ 3551 *et seq.*, and the United States Sentencing Guidelines, as further described below.

Your client understands Attempted Second Degree Burglary carries a maximum penalty of five years imprisonment and a maximum fine of $5,000 pursuant to 22 D.C. Code § 22-1803. In addition, your client agrees to pay a special assessment of $100.00 under the District of Columbia Victim's Compensation Fund. Your client understands that the sentence on this count will be determined by the Court and that the Court *may* apply the Superior Court of the District of Columbia Voluntary Sentencing Guidelines. Under those guidelines your client understands and agrees that he is at least a Group 8, Column C offender and the range is 14 to 32 months imprisonment based on his criminal history that includes but may not be limited to convictions for Second Degree Theft, Destroying Property, and Failure to Appear.

3. **Release/Detention pending sentencing**. Your client agrees not to object to the government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

4. **Waiver of constitutional and statutory rights**. Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to be indicted by a grand jury; the right to plead not guilty; and the right to a jury trial, and (where relevant) the right to be tried in the district where the offenses were committed. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction.

Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination.

5. **Interpreter.** Your client agrees that if an interpreter is required to assist your client in translating this plea agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act," to secure the services of a certified interpreter at Court expense to verbally translate the plea agreement for your client into your client's native language. Your client agrees that it is unnecessary for the plea document to be re-written into your client's native language

-3-

6. **Sentencing Guidelines**. The parties to this agreement understand that the United States Sentencing Guidelines are advisory. Furthermore your client understands and agrees that his sentence may be governed by the District of Columbia Voluntary Sentencing Guidelines. The parties to this agreement agree that the U.S.S.G. applicable to the offense to which your client is pleading guilty is Section 2L1.2. The parties agree that the base level for the offense to which the defendant will plead guilty, Unlawful Reentry of a Removed Alien, is 8. A decrease of 2 levels for acceptance of responsibility yields an adjusted offense level of 6. The parties agree that the defendant's Criminal History Category will be calculated to include any and all applicable convictions. The parties agree further that the sentencing range resulting from the application of the U.S. and D.C. Guidelines is reasonable and the parties will not seek a sentence outside of that range.

Your client fully and completely understands that the final determination of how the United States Sentencing Guidelines and the District of Columbia Voluntary Sentencing Guidelines apply to this case will be made solely by the Court and that the above calculations or recommendations are not binding upon the Court or the United States Probation Office. Your client understands that the failure of the Court or the Probation Office to determine the guideline range in accordance with the above calculations will not void this plea agreement or serve as a basis for the withdrawal of this plea. Your client understands and agrees that your client will not be allowed to withdraw the guilty plea entered pursuant to this plea agreement solely because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this plea agreement.

The defendant may accept this plea offer by **January 10, 2006**, and enter a plea of guilty when scheduled before **Judge Sullivan**, if he complies with all conditions of this Agreement, continues to accept responsibility for his criminal conduct, and commits no other criminal acts. then the United States will file a motion pursuant to §3E1.1(b) of the Sentencing Guidelines and Defendant Plata-Retamozo agrees not to seek a downward departure under the Sentencing Guidelines and agrees to waive any constitutional challenge or other arguments against the application of the U.S. or D.C. Sentencing Guidelines or the authority of the sentencing judge to make factual findings governing the adjustments and departures set forth in the Sentencing Guidelines. Your client specifically agrees to waive any argument that he or she has a right to have a jury make the factual determinations necessary to determine the level of sentencing adjustments or departures used to compute your client's ultimate offense level and sentence. The parties make no other agreements with regard to sentencing or appropriate calculation under the Sentencing Guidelines.

7. **Deportation.** Your client also agrees that the Court may enter a stipulated judicial order of removal, pursuant to 8 U.S.C. § 1228(c). Your client specifically waives his right to notice and a hearing under the Immigration and Nationality Act and stipulates to the entry of a judicial order of removal from the United States as a condition of the plea agreement and as a condition of probation or supervised release. The defendant further understands and agrees that the filing of any applications for relief from removal, deportation, or exclusion, either written or

-4-

oral, or the prosecution of any pending applications, before any federal court, the Board of Immigration Appeals, an immigration judge, or the Department of Homeland Security, U.S. Immigration and Customs Enforcement, shall breach this plea agreement.

8. **Reservation of allocution.** Your client understands that the United States reserves its full right of allocution for purposes of sentencing in this matter, consistent with this agreement. In particular, the United States reserves its right to recommend the specific period of incarceration and fine up to the maximum allowable by law including a recommendation that the defendant be sentenced consecutively on each of the counts to which he is pleading guilty pursuant to this agreement. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

Your client also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. The United States reserves the right to appeal the sentence in this case. In addition, if in this plea agreement the United States has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the United States reserves its right of full allocution in any post-sentence litigation or appeal in order to defend the Court's ultimate decision on such issues.

9. **Prosecution by other agencies/jurisdictions**. This agreement only binds the United States Attorney's Offices for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; the Immigration and Customs Enforcement of the Department of Homeland Security; or any state or local prosecutor. These individuals, and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions. If your client is not a citizen of the United States, your client understands and acknowledges that the guilty plea in this case will or might subject your client to detention, deportation and other sanctions at the direction of the Immigration and Naturalization Service.

10. **No other agreements**. No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

-5-

If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below, initial every page of this agreement, and return the executed plea agreement to me. The original of this plea agreement will be filed with the Court.

Sincerely,

KENNETH L. WAINSTEIN
United States Attorney for the District of Columbia

*[signature]* as per Alexis, A.
Heidi M. Pasichow
Assistant United States Attorney
D.C. Bar # 370686
United States Attorney's Office
555 4th Street, N.W. Room 11-445
Washington, D.C. 20530
202-514-7533

-6-

**Defendant's Acceptance**

I have read or have had read to me this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above. I am pleading guilty of the crime of Re-entering the United States After Conviction for an Aggravated Felony and Attempted Second Degree Burglary because I am guilty of those crimes.

1.11.06
Date

Defendant Gustavo Plata-Retamozo

**Attorney's Acceptance**

I am the defendant's attorney. I have reviewed every part of this plea agreement with him. It accurately and completely sets forth the entire agreement between defendant and the office representing of the United States Attorneys for the District of Columbia.

1.11.06
Date

David Bos
Counsel for Defendant

## FACTUAL PROFFER

### U.S. v. Gustavo Plata-Retamozo

Federal District Court Case 05-393

On or about January 15, 2004, PLATA-RETAMOZO was convicted of Theft II in case # M6579-03 in the Superior Court for the District of Columbia in violation of 22 DC Code, Section 3211 (b) (2001 ed.). PLATA-RETAMOZO was sentenced to 180 Days incarceration for this offense.

On or about January 15, 2004, PLATA- RETAMOZO was convicted of Destruction of Property in case # M6579-03 in the Superior Court for the District of Columbia in violation of 22 DC Code, Section 303 (2001 ed.). PLATA-RETAMOZO was sentenced to 180 Days incarceration for this offense.

On or about January 15, 2004, PLATA-RETAMOZO was convicted of a violation of the Bail Reform Act in case # F2424-03 in the Superior Court of the District of Columbia in violation of 23 DC Code, Section 1327(a).

The defendant was released from jail on February, 1, 2005 and according to Alien File A96450520, the Alien file assigned to PLATA-RETAMOZO, on or about April 15, 2005, PLATA-RETAMOZO was deported from the United States from Miami, Florida pursuant to an order of deportation. Prior to his deportation, PLATA-RETAMOZO signed a Warrant of Removal/Deportation (I-205), and a Warning to Alien Ordered Removed or Deported (I-294). Before deportation, PLATA-RETAMOZO affixed his fingerprint to, and signed both documents. A duly sworn United States Immigration Officer witnessed the departure of PLATA-RETAMOZO.

On October 17, 2005, PLATA-RETAMOZO was found in the United States when he was arrested in Washington, D.C. On this day, PLATA-RETAMOZO signed a sworn statement that: he is Gustavo Humberto PLATA-RETAMOZO; he was born on February 16, 1975 in Bolivia; he is a citizen of Bolivia; he reentered the United States without permission sometime in July 2005, at ir bear Douglas, Arizona; and that he knew he was not supposed to return to the United States.

On or about October 17, 2005, your affiant compared the person he interviewed this day with photographs of the PLATA-RETAMOZO found in Alien file A96450520 and found them of the same person. Furthermore, on October 25, 2005, the F.B.I. fingerprint analyst determined that the fingerprints taken from the defendant just prior to his deportation on April 15, 2005 were identical with those taken from the defendant on October 17, 2005 when he was arrested in Washington, D.C.

D.C. Superior Court Case M10956-05
Attempt Second Degree Burglary

On October 15, 2005, at about 2:00 pm, in the vicinity of 1711 First Street SW, Washington DC, an MPD police officer (Joseph Gayle) responded to a radio run for a burglary alarm. On scene, the officer found defendant inside a salvage yard's locked 10 foot high fence. In addition, video cameras installed on the premises recorded images of the defendant taking items such as copper wire from the enclosed warehouse on the property, and carrying it away. The owner of the property stated that the defendant did not have authorization to be in the warehouse, nor the salvage yard, nor did the defendant have permission or authority to take the items from the warehouse.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No.: 05-393(EGS) |
| v. : | District Judge Sullivan |
| GUSTAVO PLATA-RETAMOZO : <br> Humberto Plata-Retamoso and : <br> Humberto Retamoco, : | |
| : | Plea Hearing: January 11, 2006 |
| Defendant. : | |

### NOTICE OF DEFENDANT'S INTENTION TO PLEA TO INFORMATION

The United States of America, by its attorney, the United States Attorney for the District of Columbia, hereby notifies the Court that the defendant, through his counsel, has informed the United States that he intends to plea to the two-count superceding information at the hearing scheduled for January 11, 2006. The United States provides the Court with the following information for purposes of conducting the plea colloquy and has enclosed herewith the United States' plea proffer.

The United States filed the superceding information on January 10, 2006, charging the defendant with one count of violating Title 8, United States Code, Section 1326(a) (Unlawful Reentry of a Removed Alien and one count of violating Title 22, District of Columbia Code, Sections 801(b), 1803 (Attempt Second Degree Burglary).

### Unlawful Reentry

Pursuant to 8 U.S.C. § 1326(a), this offense is punishable by imprisonment of up to 2 years. Under 18 U.S.C. § 3571(b)(3), it is also punishable by a fine of up to $250,000, and a term of supervised release not to exceed three years pursuant to 18 U.S.C. § 3583(b)(2). In addition, the defendant may be required to pay a special assessment of $100 under United States

Sentencing Guideline Section 5E1.3(2)(A). See also 18 U.S.C. § 3013. Pursuant to Section 5E1.2 of the United States Sentencing Guidelines, the Court may also impose a fine sufficient to pay the federal government the costs of any imprisonment.

The elements of the offense for Unlawful Reentry of a Removed Alien are:

(1) That the defendant is an alien; and

(2) the defendant was deported from the United States from Miami, Florida pursuant to an order of deportation. Prior to his deportation, the defendant signed Warrant of Deportation Form (I-205); and, a Warning to Alien Ordered Removed or Deported (I-294), and affixed a fingerprint to these documents. A duly sworn United States Immigration Officer witnessed his departure on or April 15, 2005; and

(3) the defendant reentered the United States at or near Douglas, Arizona and he was subsequently found in this country, on October 17, 2005; and

(4) the defendant had never obtained permission to reenter the United States from the Attorney General of the United States or the Secretary of Homeland Security or their authorized delegates.

See Almendarez-Torres v. United States, 523 U.S. 224, 232 (1998). The United States estimates that under the Sentencing Guidelines Section 2L1.2(a), the defendant's base offense level, prior to any adjustment for acceptance of responsibility, would be 8.

**Attempt Second Degree Burglary**

The essential elements of the offense of attempt second degree burglary, each of which the government must prove beyond a reasonable doubt, are:

1. That the defendant entered the building of another; and

2. That at the time of the entry the defendant has the specific intent to break or

carry away any part of the premises, or any fixture or thing attached or connected to it or with the intent to commit an other criminal offense.

>Respectfully submitted,
>
>KENNETH L. WAINSTEIN
>United States Attorney for the District of Columbia
>
>*/s/ Heidi M. Pasichow*
>HEIDI M. PASICHOW
>Assistant U.S. Attorney
>D.C. Bar # 370-686
>United States Attorney's Office
>555 4th Street, N.W.
>Washington, D.C. 20530
>Heidi.Pasichow@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of the foregoing document has been faxed and mailed, postage prepaid to counsel for defendant, David Bos, Assistant United States Public Defender, 625 Indiana Avenue, N.W., Suite 550, Washington, D.C. 20004, on this 10th day of January, 2006.

*/s/ Heidi M. Pasichow*
HEIDI M. PASICHOW
Assistant United States Attorney

3